# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | | |
|---|---|---|
| United States of America<br>v.<br><br>JOSE LUIS CAN YAT<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>1:25MJ 466 |

FILED
in the Middle District of North Carolina
**December 9, 2025**
**5:07 pm**
Clerk, US District Court
By: _____dmk_____

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __December 4, 2025__ in the county of __Guilford__ in the __Middle__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111 | JOSE LUIS CAN YAT did forcibly assault, resist, oppose, and impede a person designated in 18 U.S.C. § 1114, to wit: Dylan Rice, an ICE Deportation Officer, while Rice was acting in the performance of his official duties and where such acts did involve physical contact, in violation of 18 U.S.C. § 111. |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

/s/ Nathan T. Cobbler
*Complainant's signature*

Nathan T. Cobbler HSI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 12/09/25

*Judge's signature*

City and state: Greensboro, North Carolina

L. Patrick Auld, US Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA :
:
v. : 1:25MJ 466
:
JOSE LUIS CAN YAT :

## AFFIDAVIT

I, Nathan T. Cobbler, Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (HSI), being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I am a Special Agent (SA) of the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been so employed since 2018. I am currently assigned to the HSI Greensboro Office, where my duties include, among others, investigating violations of Titles 8, 18, 19, 21, and 31 of the United States Code (U.S.C.). Prior to this assignment, I attended training at the Federal Law Enforcement Training Center (FLETC) in Brunswick, Georgia, where I received instruction in federal criminal statutes, search, seizure, arrest authority, and other aspects of federal law enforcement.

2.      Before joining HSI, I served as a Special Agent with the North Carolina State Bureau of Investigation (NCSBI) for approximately 3 years. My duties included investigating violations of the North Carolina Controlled Substances Act, investigating financial crimes, as well as other crimes in violation of North Carolina criminal law. Prior to the NCSBI, I was a police officer in Winston-Salem, North Carolina, for approximately 2 years.

3.      As a result of my direct involvement in the investigation and based on reports from other law enforcement officials, I am familiar with the facts and circumstances of this case. The information in this affidavit is provided for the limited purpose of establishing probable cause in support of a criminal complaint; therefore, it does not include every fact known to me regarding this investigation. This affidavit supports a criminal complaint against Jose Luis CAN Yat for the following:

> On December 4, 2025, CAN did forcibly assault, resist, oppose, and impede a person designated in Title 18, United States Code, Section 1114, to wit: Dylan Rice, an ICE Deportation Officer (DO), while such person was engaged in the performance of official duties, and where such acts did involve physical contact, in violation of 18 U.S.C. § 111(a)(1).

## PROBABLE CAUSE

4.      ICE ERO Fugitive Operations provides logistical and operational support nationwide for locating and arresting at-large removable aliens within

2

the United States. These operations are conducted within local Areas of Responsibility (AOR) with assistance from partnering federal agencies, including, but not limited to, Homeland Security Investigations (HSI), Federal Bureau of Investigation (FBI), U.S. Marshals Service (USMS), Drug Enforcement Administration (DEA), Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and IRS.

5. CAN, a Guatemalan national, unlawfully entered the United States sometime after May 4, 2021, without admission or parole, in violation of Immigration and Nationality Act (INA) § 212(a)(6)(A). Prior to CAN's entry, he was previously processed under Title 42 and expelled from the United States approximately three (3) times, with the most recent being May 4, 2021.[1] On September 10, 2020, INTERPOL (International Criminal Police Organization), issued a Red Notice for CAN's arrest (making him a foreign fugitive) for the murder of Mrs. Rosaura ESPINO VARGAS, which took place on September 1, 2020, in Guatemala, in the village of Las Pavas, Puerto Barrios, Izabal.

---

[1] Title 42 public health authority was used for a period of time to facilitate the rapid expulsion of migrants at U.S. borders due to COVID-19 concerns.

3

6. On December 4, 2025, the ICE Charlotte Fugitive Task Force conducted a planned enforcement operation to arrest CAN pursuant to the INTERPOL Red Notice. The Task Force consisted of Team Leader ICE DO Rice, ICE DO Olsen, Deputy United States Marshal Billiter, as well as several HSI Special Response Team (SRT) members. The agents conducted an operational briefing, and all team members wore visible law enforcement badges, markings, and insignia on issued ballistic outer vest carriers and other clothing. They operated U.S. Government vehicles equipped with blue/red emergency lights and sirens.

7. At approximately 9:00 a.m., the enforcement team observed CAN, and an unknown older Hispanic female exit from the residence located at 2005 Stamey St, Greensboro, NC 27401. CAN and the female exited the residence and entered a beige in color 1996 Nissan Altima sedan bearing North Carolina registration plate VAC-4241 (hereinafter referred to as TARGET VEHICLE). CAN was observed getting into the driver's seat and the female was observed getting into the front passenger seat. The vehicle then departed from Stamey Street and began driving toward N O'Henry Blvd.



8. DO Rice positively identified CAN as the wanted subject of the INTERPOL Red Notice and driver of the TARGET VEHICLE as the TARGET VEHICLE passed his surveillance location. DO Rice then relayed that information to the rest of the enforcement team, who were operating separate vehicles.

9. Agents then observed the TARGET VEHICLE continue on N O'Henry Blvd toward E Wendover Avenue, eventually taking the exit for E Wendover Avenue, travelling eastbound.

10. After taking the exit on E Wendover, DO Olsen and other members of the enforcement team, who were behind the TARGET VEHICLE, activated their emergency lights as the TARGET VEHICLE turned right onto Huffman St (1000 block). However, the TARGET VEHICLE failed to yield to the emergency lights and continued driving down Huffman Street toward E Bessemer Avenue at approximately 30 to 35 miles per hour.

5

11. Just prior to the intersection of Huffman Street and E Bessemer Avenue, DO Olsen and the investigative team, with emergency lights activated, attempted to box in the TARGET VEHICLE; however, the TARGET VEHICLE drove around their vehicles and turned right onto E Bessemer Avenue toward Summit Ave.

12. Just prior to the intersection of E Bessemer Ave and Summit Avenue, DO Rice drove around TARGET VEHICLE on E Bessemer Ave and got in front of the TARGET VEHICLE, slowing down to a complete stop, to box in the TARGET VEHICLE with DO Olsen. Both DO Rice's and DO Olsen's vehicles' emergency lights were activated. As DO Rice placed his vehicle in park, the TARGET VEHICLE accelerated and struck the rear left side/corner of DO Rice's vehicle, which caused minor damage (see below photographs). DO Rice was not injured as a result of this collision.




13. At that time, the TARGET VEHICLE turned directly into oncoming traffic on Summit Avenue and continued travelling southbound on Summit Avenue. The enforcement team continued to follow behind the TARGET VEHICLE and the TARGET VEHICLE eventually took an abrupt right turn onto Sullivan Street next to the AutoZone Auto Parts store toward Cypress Street.

14. DO Rice was able to maneuver his vehicle, with emergency lights activated, in front of the TARGET VEHILCE on Sullivan Street at 5th Avenue and successfully stop the TARGET VEHICLE. Due to the abrupt stop of the

7

TARGET VEHICLE, DO Olsen, who was behind same, was unable to stop in time and collided with the rear of the TARGET VEHICLE.

15.     At that time, DO Rice and DO Olsen then exited their vehicles approached the TARGET VEHICLE's driver side with their firearms drawn. At that time, CAN was observed with both hands up in the air stating "I'm done, I'm done", while other members of the enforcement team approached the passenger side. The enforcement team announced that CAN was under arrest and opened the driver's door. Agents issued loud verbal commands for CAN to exit the TARGET VEHICLE and CAN was then placed on his stomach and handcuffed without incident.  The unknown Hispanic female passenger was handcuffed. She refused to answer questions or identify herself and was released at the conclusion of the traffic stop.

16.     Following the traffic stop, CAN was transported by the enforcement team to the ERO office in Charlotte for arrest processing.

17.     While at the ERO processing facility, CAN was *Mirandized* and interviewed by Homeland Security Investigations (HSI) Special Agent(s) B. Trowbridge and K. Garcia. HSI SA L. Salinas was also present and assisted with translation during the interview.  The interview was in Spanish and was audio recorded.

8

18. In sum and substance, CAN stated he saw the red and blue lights behind his vehicle and knew it was the police. CAN advised he was looking for a spot to pullover his vehicle, however, when the enforcement team attempted to box in his vehicle, he got scared and fled. CAN advised his intent was to flee and not hurt anyone.

## CONCLUSION

19. Based upon the foregoing, I respectfully submit that there is probable cause to believe that on December 4, 2025, in Guilford County, CAN did forcibly assault, resist, oppose, and impede a person designated in Title 18, United States Code, Section 1114, to wit: Dylan Rice, an ICE Deportation Officer (DO), while such person was engaged in the performance of official duties, and where such acts did involve physical contact, in violation of 18 U.S.C. § 111(a)(1).

Respectfully submitted,

/s/ Nathan T. Cobbler
Nathan T. Cobbler
Special Agent
Homeland Security Investigations

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this written affidavit in accordance with the requirements of Fed. R. Crim. P. 4.1.

9

Date: December 9, 2025

City and state: Greensboro, North Carolina

_____
L. Patrick Auld, U.S. Magistrate Judge